---

## CINCINNATI SUPERIOR COURT
### No. 414
### GOFORTH v. PENN. RD. CO.
Superior Court of Cincinnati
No. 58949. Decided May 6, 1924

829. NEGLIGENCE — Under Employers' Liability Act contributory negligence only diminishes recovery—Appointment of damages where both parties are at fault—Under act employe assumes the ordinary risks of his employment—The backing of a train at high speed, without a signal or lookout held not an ordinary risk.

MARX, J.

### Epitomized Opinion
Published Only in Ohio Law Abstract

This was an action for personal injury against The Pennsylvania Railroad Company. Plaintiff was employed as a store room helper in the Pendleton Shops of the defendant. While stooping to pick up some contents of a keg, which he had unloaded in the course of his employment, he was struck by a yard engine which was running backward at a high rate of speed. Plaintiff claimed that the defendant was negligent in running the train at an unusual speed, in not sounding any warning of its approach and in running the same without maintaining any lookout. The answer of the Railroad Company denied all acts of negligence and set up as a separate defense, contributory negligence and assumption of risk. Both parties agreed that the plaintiff was engaged in interstate commerce and that the case was properly tried under the provisions of the Federal Employers' Liability Act of April 22, 1908. The jury returned a verdict for plaintiff in the sum of $3,000. In overruling the defendant's motion for a new trial, the court held:

1. Under the Federal Employers' Liability Act, contributory negligence does not bar the right of an injured workman to recover but diminishes the amount of his recovery in proportion to the amount of negligence attributable to such employee.

2. Under the Federal Employers' Liability Act, where both plaintiff and defendant are negligent as a direct cause of injury, the plaintiff cannot recover full damages but is entitled to a proportional amount bearing the same relation to the full amount of damages as the negligence attributable to the defendant bears to the entire negligence attributable to both.

3. The Federal Employers' Liability Act does not eliminate the common law defense of assumption of risk in cases not covered by Section Four of said Act and the injured workman assumes all of the ordinary risks incident to his employment and all of the extraordinary risks including the risks of negligent injury by a fellow servant which are so open and obvious that an ordinary prudent person under like circumstances would have observed and appreciated the danger of such extraordinary risks.

4. In this case, it is held that applying the foregoing rules, the injured workman did not assume the risk of injury caused by the operation of the train of the defendant at an unusual or extraordinary speed without warning or lookout when such risk was not known to the employe or so obvious and open that an ordinarily purdent person would know the same and appreciate the danger, and that the acts constituting contributory negligence not being a bar, the plaintiff is entitled to recover.

Attorneys—Thos. L. Michie, for Goforth; Maxwell & Ramsey and Gregor Moorman, for Pennsylvania Railroad Company, all of Cincinnati.

---

## ATTORNEY GENERAL
### No. 415
### In re TAXATION
C. C. CRABBE, Atty. Gen.
No. 1447. Decided May 9, 1924

1157. TAXATION—Institutions for charitable purposes—Pay and unable to pay patients.

The opinion of the Attorney General was requested by the Tax Commission of Ohio on the following situation:

The X Hospital was a corporation organized for profit. The corporation was formed for the purpose of establishing, maintaining and conducting a hospital for medical and surgical treatment; for conducting training school for nurses and granting diplomas to them; engaging in research work in medicine and kindred subjects; receiving donations and charging and receiving compensation for treatments and services. The stockholders of the Company were principally doctors and surgeons. No dividends had ever been paid and no one re-